**HLD-007**                                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1708
_____

IN RE: DAVID Q. WEBB,
                                                                     Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 1-21-cv-01824 and D. Del. Civ. No. 1-22-cv-00461)
_____

Submitted Pursuant to Fed. R. App. P. 21
May 26, 2022
Before: Chief Judge CHAGARES, PORTER and FUENTES, Circuit Judges

(Opinion file: June 16, 2022)
_____

OPINION[*]
_____

PER CURIAM

    David Webb, proceeding pro se, has filed a petition for a writ of mandamus asking

us to compel a judge to screen two complaints that he has filed in the United States

District Court for the District of Delaware. He also seeks an order compelling a ruling on

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

a motion to proceed in forma pauperis ("IFP"). For the reasons that follow, we will deny the mandamus petition.

In December 2021, Webb filed a pro se civil rights complaint against government officials and other defendants raising claims related to the sale of certain real property and the probate of his father's estate. The case was assigned to District Judge Leonard Stark, who granted Webb's motion to proceed IFP. In January 2022, Webb moved the District Court, which effectuates the service of complaints filed by litigants proceeding IFP, for service of process.

The United States Senate then confirmed Judge Stark's nomination to serve on the Federal Circuit Court of Appeals. In March 2022, Webb's case was reassigned to a new docket referred to as the Vacant Judgeship docket. Shortly thereafter, Webb filed two motions for a decision. He asserted that there had been no recent docket activity in his case and that he was waiting for any instructions regarding the screening of his complaint under 28 U.S.C. § 1915 or its service on the defendants. Webb's motions are pending.

In April 2022, Webb filed another civil rights complaint against government officials and other defendants claiming, among other things, a discriminatory denial of housing. He moved to proceed IFP. Webb's case was assigned to the Vacant Judgeship docket. On April 18, 2022, District Judge Richard Andrews granted Webb's motion to proceed IFP.

On the same day that Webb's IFP motion was granted, this Court received his petition for a writ of mandamus compelling the District Court to adjudicate his IFP motions. To the extent Webb seeks relief with respect to his first action, Judge Stark granted his IFP motion in January. To the extent he seeks relief with respect to his second action, his IFP motion has now been granted and his petition in this regard is moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

Webb also seeks a writ compelling a judge to screen his complaints pursuant to 28 U.S.C. § 1915. He asserts that there has been undue delay. Because Webb was granted IFP status, his complaints are subject to the screening provision in 28 U.S.C. § 1915(e)(2)(B). If the District Court decides that the complaints are frivolous or malicious, fail to state a claim, or seek monetary relief against an immune defendant, it shall dismiss them. 28 U.S.C. § 1915(e)(2)(B). A favorable § 1915(e)(2)(B) decision would allow his complaints to be served and his cases to proceed.

"Traditionally, the writ of mandamus has been used 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" In re Chambers Dev. Co., Inc., 148 F.3d 214, 223 (3d Cir. 1998) (citations omitted). "The writ is a drastic remedy that 'is seldom issued and its use is discouraged.'" Id. A petitioner must establish that there are no other adequate means to attain the desired relief and that the right to the writ is clear and indisputable. Id.

3

Mandamus relief may be afforded where undue delay is tantamount to a failure to exercise jurisdiction. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

The delay in Webb's cases is not tantamount to a failure to exercise jurisdiction. As discussed above, in the first action, Judge Stark granted Webb's motion to proceed IFP in January 2022, the case was reassigned in late March to the Vacant Judgeship docket, and Webb's subsequent motions for a decision are pending. Webb filed his second action on April 6, 2022, and Judge Andrews granted his IFP motion less than two weeks later. Although Webb's complaints have yet to be screened, the delay in Webb's first action has not been undue under the circumstances. Webb's second action was only recently filed. Mandamus relief is not warranted based on the alleged delay.

Mandamus relief is also not warranted at this time based on the assignment of Webb's cases to the Vacant Judgeship docket. The District Court has issued Standing Orders outlining the procedures for how cases assigned to this docket shall be handled.[1] These procedures apply after a complaint has been served; they do not address the screening of complaints in IFP cases. Nonetheless, given the recent creation of the

---

[1] Under the Standing Orders, the parties must together notify the District Court whether they agree to consent to the handling of the case by a Magistrate Judge. If the parties do not agree to consent to disposition by a Magistrate Judge, a Magistrate Judge will handle certain pretrial matters and the Court will endeavor to assign the case to a Visiting Article III Judge. The parties are directed to cooperate to move the case forward. See 3/9/22 Standing Order No. 2022-VAC-1; 3/16/22 Standing Order No. 2022-3. Webb tried to comply with these orders by filing consent forms on his own.

4

Vacant Judgeship docket and the fact that Judge Andrews granted Webb's IFP motion in his second action, we cannot conclude that Webb's complaints will not be addressed.

Accordingly, we will deny the mandamus petition. The denial of relief is without prejudice to Webb's filing of another mandamus petition in the event his complaints are not addressed in the near future.